# SUPREME COURT.

THE PEOPLE *ex rel.* JOHN LUMLEY and FREDERICK Fox agt. MORGAN LEWIS and others, Commissioners of Highways of the town of Cherry Valley.

An assessment of damages caused by laying out a highway, by commissioners appointed by the county court (2 *R. S. 5th ed.* 397, § 83), is not annulled or invalidated by applying for a jury under § 85, to re-assess such damages; nor is the original assessment affected, where the proceedings to re-assess the damages are discontinued, or the jury fail to agree. The award of the commissioners is in effect a judgment in favor of the owners of the land against the town, and is final and conclusive until reversed on *certiorari* or vacated by a re-assessment actually made.

Where the jury fail to agree on a re-assessment of such damages, a new jury may be summoned and impanneled, before whom the same proceedings shall be had for such re-assessment, as might have been had before the first jury.

Where no proceedings were taken for eleven months to call out a new jury after the first failed to agree, *held* that the party applying for such re-assessment, had abandoned the same.

*Onondaga General Term, April,* 1863.

*Before* ALLEN, MULLIN, MORGAN and BACON, *Justices.*

AN alternative mandamus was issued, directed to the defendants as commissioners of highways of the town of Cherry Valley, setting forth the proceedings whereby a highway was laid out in the town, and commanding the defendants to open the highway or show cause, &c.

The defendants made a return to the alternative writ, alleging three distinct grounds or reasons why they refused to open the highway, as follows: 1. That it was laid through an orchard without the consent of the owner. 2.

That it was laid through a garden without the consent of the owner. 3. That two of the owners of lands over which the highway was laid, had appealed from the original assessment of their damages, and applied for a jury from an adjoining town to re-assess the same, and the jury drawn and impanneled for that purpose had failed to agree on a re-assessment. And the defendants alleged that they had no power, as they were advised to open the highway until the said damages had been re-assessed; and as a reason for not procuring a re-assessment thereof, the defendants also alleged that they had "no power or authority by the laws or statutes of this state to cause the said damages to be re-assessed," and that "there is no law or statute of this state authorizing in any manner, the drawing or procuring of a second jury to re-assess such damages, after one jury has been duly drawn and heard the case, and failed to agree upon the amount of damages to be re-assessed."

The relators plead to the return, denying that the highway was laid through an orchard, or through a garden.

The issues of fact were tried at the Otsego circuit in October, 1861, before Mr. Justice E. Darwin Smith and a jury, and a verdict rendered deciding all the issues specifically in favor of the relators. The relators then applied at the Cortland special term in January, 1862, before Mr. Justice Mason, on the pleadings and verdict for final judgment: and judgment was ordered accordingly for costs and a peremptory mandamus, against the defendants as such commissioners of highways. The defendants appealed to the general term.

The following opinion was delivered at special term:

Mason, J. This is, in my judgment, a very clear case for the relators. The damages have been assessed, and that assessment stands as the measure of damages to be paid for this road, unless a re-assessment by a jury is procured. The clerk will enter an order that a peremptory mandamus issue in this case. And as the defendants have

made untenable issues of fact, and compelled the relators to go to the circuit and try them, and as they have made throughout an untenable defence, I think the relators are entitled to a judgment against them for costs, and I direct with costs to be taxed. (18 *Wend.* 534 ; 10 *Wend.* 598.)

De Witt C. Bates, *for appellants.*
E. Countryman, *for respondents.*

By the court, Mullin, J. As I am of the opinion that the judgment in this case should be affirmed on the merits, I have not examined the question whether the case could be properly brought into this court by appeal.

The proceedings to lay out the road in question and to assess the damages by reason of such laying out, are concededly regular up to and including the assessment by the commissioners appointed by the county court. The owners of the land over which the road ran, and the highway commissioners, had each the right to have the damages reassessed by a jury of an adjoining town, upon complying with the provisions of the statute. (2 *R. S.* 5th *ed.* 397, § 85.) Two of the owners of the land applied in the manner prescribed for a re-assessment, and such proceedings were had that a justice of the peace impanneled a jury, and the jury proceeded to examine the premises and to take evidence, but being unable to agree, separated without agreeing on a verdict, or in any manner fixing the damages to be paid to those applying for a re-assessment. Eleven months have elapsed, and no other jury has been summoned, and now the commissioners of highways refuse to open the road because such damages have not been re-assessed. The commissioners of highways are of the opinion that the application for a re-assessment has the effect of annulling the assessment made by the commissioners, and hence, until a re-assessment, the owners of the land can have no compensation, and as the statute (2 *R. S.*

*5th ed.* 396, § 82) forbids the opening of the road until the damages have been assessed, the commissioners of highways are not at liberty to open the road.   In this I think the commissioners of highways mistaken.

It was not the intention of the legislature to annul the assessment made by the commissioners, until there was a re-assessment by the jury.   There is nothing in the statute which prevents the commissioners of highways, if they apply for a re-assessment, from omitting to prosecute it. And, if that may be done, they may at any time deprive the owners of the land of all compensation.   No such result could have been intended.   A glance at the provisions of section eighty-five will show that it is the party applying for a re-assessment that has the control of the proceedings, and not the other party to them, who is satisfied with the damages as fixed by the commissioners.   Hence, such party has no means given him to protect himself against a discontinuance by the party applying.   The award of the commissioners is, in effect, a judgment in favor of the owners of the land, against the town; it is final and conclusive until reversed or vacated, or a new judgment is rendered by the jury by whom a re-assessment is made.   It is a valid re-assessment that annuls the assessment of the commissioners.   If the proceedings to re-assess are discontinued, or reversed on certiorari, or the jury fail to agree, the assessment stands subject to be annulled on re-assessment regularly and properly made.

The commissioners of highways, and their counsel, were led to the conclusion that proceedings to open the road must terminate, because the jury had failed to agree on a verdict, by assuming that another jury could not be called under the statute, as it makes no provision for more than one jury.   If the counsel and commissioners were right in supposing that there is no provision of the law authorizing a second jury to be called when the first failed to agree, I should be inclined to hold that when the legislature

directed that damages for property taken for public use should be assessed by a jury, it must be held in the absence of an express prohibition, that juries should be summoned from time to time, and as often as was necessary, until a valid appraisal was made. When the law gives a right, and a mode of enforcing it, the party has the right in the absence of legislative prohibition to pursue the prescribed mode until the end is effectually obtained.

But the counsel and commissioners are mistaken in supposing that the legislature have not authorized the summoning of a second jury in cases of this kind, when the first fail to agree. In 3 *R. S. 5th ed*, 869, § 28, it is provided : when any jury shall be impannelled to try any issue, to make any inquiry, or *to assess any damages*, if they cannot agree after being kept together for such time as shall be deemed reasonable by the court, or officer before whom they shall have appeared and been impannelled, such court or officer may discharge them, and issue a precept for a new jury, or order another jury to be drawn, as the case may require, and the same proceedings shall be had before such new jury as might have been had before the jury so discharged.

No stress is laid by the counsel upon the fact that the jury separated without the formal declaration by the justice, that he discharged them because they were unable to agree. In the absence of evidence, that the jury designedly separated in defiance of the officer, I think we must intend it was done with his assent and authority. The proceeding was one to assess damages, therefore, within the very terms of the section cited. The justice was an officer before whom the jury appeared and were impannelled, and as the jury could not agree after a reasonable time had been taken for that purpose, the very case had arisen in which it was proper to discharge them and summon another jury.

It was the duty of the persons applying for a re-assess-

ment to have seen that another jury was summoned, and an assessment made. They have omitted for eleven months to do so, and it seems to me they should now be held to have abandoned the application, and, as there has been no re-assessment, the original assessment must stand. And as the condition of the statute which requires the assessment to be made before the road is opened or worked, has been complied with, it was, and is the duty of the commissioners of highways to proceed and open the road.

I am of the opinion that the judgment of the special term should be affirmed with costs.

Judgment affirmed.